**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 1:16cr37-HSO-JCG-2**

**CHIQUITA ACKER**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT CHIQUITA ACKER'S MOTION [99] FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Chiquita Acker, who is currently serving a five-year term of supervised release, *see* J. [74], has filed a Motion [99] for Early Termination of Supervised Release under 18 U.S.C. § 3583(e)(1), *see* Mot. [99]. The Government and the United States Probation Office oppose the request. *See* Resp. [100]. Acker's Motion [99] should be denied without a hearing.[1]

## I. BACKGROUND

Pursuant to a plea agreement with the Government, on October 25, 2016, Defendant Chiquita Acker ("Defendant" or "Acker") pleaded guilty to Count 2 of the Indictment [24] in this case, which charged that Acker and co-defendants, aided and abetted by each other:

> did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance,

[1] Federal Rule of Criminal Procedure 32.1(c)(1) requires a hearing before modifying the conditions of probation or supervised release, *see* Fed. R. Crim. P. 32.1(c)(1), but no hearing is required if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release," Fed. R. Crim. P. 32.1(c)(2)(B). The Court is not modifying the conditions of supervised release or extending the term of supervised release. Therefore, no hearing is required. *See id.*

> in violation of Section 841(a)(l), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [24] at 2 (filed under seal); Plea Agreement [61] at 1.

On March 16, 2017, the Court sentenced Acker to a 120-month-term of imprisonment, followed by five years of supervised release. *See* J. [74]. Acker began her term of supervised release early on June 30, 2023, *see* Mot. [99] at 1, after President Joseph Biden, Jr., granted her clemency. Acker now seeks early termination of her supervised release. *See id.* The Government opposes her request.[2] Resp. [100] at 1.

## II. DISCUSSION

### A. Relevant Legal Authority

18 U.S.C. § 3583(e)(1) provides that, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

[2] The Court notes several issues with the Government's Response [100]. It cites caselaw concerning waivers of appeal and post-conviction collateral attack, but the Motion [99] involves a request to terminate supervised release, which has a separate statutory basis that makes such caselaw inapposite. *See* Resp. [100] at 5-6 (citing irrelevant cases including *United States v. Meredith*, 52 F.4th 984 (5th Cir. 2022); *Garza v. Idaho*, 139 S. Ct. 738 (2019); *United States v. Hoctel*, 154 F.3d 506 (5th Cir. 1998); *United States v. Walters*, 732 F.3d 489 (5th Cir. 2013); *United States v. Rodriguez-Estrada*, 741 F.3d 648 (5th Cir. 2014); *United States v. Bond*, 414 F.3d 542 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744 (5th Cir. 2005)). In one instance, the Government misnames Acker as "Godbold," Resp. [100] at 7, and it cites an incorrect, nonexistent U.S. Code provision when referring to Count 2, the actual count of conviction. *Id.* at 3 (Title 21 of the U.S. Code has no section "846(a)(a)" and Acker was not convicted under § 846(a), but rather § 841(a)(1)).

18 U.S.C. § 3583(e)(1). "That provision empowers the district court, upon considering various factors, to terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Hoffman,* No. 24-30184, 2025 WL 2622456, at *3 (5th Cir. Sept. 11, 2025) (per curiam) (quoting 18 U.S.C. § 3583(e)(1)); *see also* U.S.S.G. § 5D1.4(b) (2025) (discussing early termination of supervised release if "warranted by the conduct of the defendant and in the interest of justice" (citing 18 U.S.C. § 3583(e)(2)).

Here, the relevant § 3553 factors the Court must consider in resolving Acker's Motion [99] are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>
> * * *
>
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> * * *
>
> (4) the kinds of sentence and the sentencing range established for—(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
>
> * * *
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)(A), (a)(6).

Based upon her clemency date of June 30, 2023, *see* Mot. [99] at 1, Acker has served about three years of her five-year term of supervised release, *see* J. [74].

B. Analysis

1. Acker Lacks Valid Justification for Early Termination

"Proof of compliance with the terms of supervised release . . . does not, by itself, justify early termination." *United States v. Reed*, No. CR 15-100, 2020 WL 4530582, at *2 (E.D. La. June 5, 2020). If it did, "the exception would swallow the rule." *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015).

Acker has not provided the Court with proof of anything beyond her asserted compliance with the terms of her supervised release. Acker writes:

> I have fully complied with all conditions, including paying off all fines, reporting programs, or community service. I have maintained employment all while finishing my G.E.D. and going back to college to get a degree in respiratory therapist [sic]. I've also avoided any legal issue, and contributed positively to my community all while losing my father in 2025.
>
> Ending my probation would allow me [sic] advance in my career, traveling [sic] for work, or just caring [sic] for my family while continuing to live a law-abiding life[.]

Motion [99]. While Acker's representations of her conduct on supervised release, if accurate, are commendable, that does not by itself provide proof of anything beyond compliance with the terms of her supervised release.

Acker, also, has alleged no "particular hardship" that would result from the completion of her supervised release sufficient to justify early termination. *United States v. Hartman*, No. 3:00-CR-228-B (01), 2013 WL 524257, at *4 (N.D. Tex. Jan. 18, 2013), *report and recommendation adopted*, No. 3:00-CR-228-B (01), 2013 WL 540490 (N.D. Tex. Feb. 13, 2013). Acker's Motion [99] makes clear that she has

been able to pay her fines, satisfy reporting program conditions, and participate in community service. She further states that she has completed her G.E.D. and is attending college to obtain a degree in respiratory therapy. She asserts that early termination would advance her career, allow her to travel for work, and help her to care for her family. But those arguments do not support any claim of particular hardship. By Acker's own telling, her supervised release has not hindered her ability to lead a substantially normal, law-abiding life. Continued supervision, rather, is necessary to ensure she does not recidivate or relapse into substance abuse.[3] In sum, Acker's Motion [99] presents no evidence justifying early termination of her supervised release.

2. The 18 U.S.C. § 3553 Factors

In determining whether to grant termination of supervised release, courts must also consider the factors provided by 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). On balance, the relevant § 3553(a) factors either weigh against or are neutral as to terminating Acker's supervised release. Termination of supervised release is, therefore, not warranted under those factors, *see* 18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), (a)(7); U.S.S.G. § 5D1.4(b) (2025), and Acker's Motion [99] should be denied.

---

[3] The Government's Response [100] notes that Acker "has struggled with substance abuse in the past," and "ha[d] smoked marijuana daily since the age of 15" at the time of her criminal sentencing. Resp. [100] at 7.

i. Nature and Circumstances of the Offense and History and Characteristics of the Defendant (§ 3553(a)(1))

Acker was originally convicted on one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). That offense is inherently dangerous. *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989) (noting that Congress has found that "drug offenders pose a special risk of . . . dangerousness to society"); *see also United States v. Beaumont*, 759 F. Supp. 339, 340 (E.D. Tex. 1991) ("Drug offenses are by their nature dangerous to the community."). The underlying facts of Acker's offense have not changed. Because of the danger her criminal conduct posed to society, this factor weighs against granting early termination of her supervised release.

ii. The Need for the Sentence to: Afford Adequate Deterrence to Criminal Conduct (§ 3553(a)(2)(B)); Protect the Public from Further Crimes of the Defendant (§ 3553(a)(2)(C)); and Provide the Defendant with Needed Vocational Training, Medical Care, or other Correctional Treatment in the Most Effective Manner (§ 3553(a)(2)(D))

Deterrence of crime is an important consideration in whether to grant early termination of supervised release. *Cf. United States v. Kretser*, 343 F. App'x 987, 988 (5th Cir. 2009). It would not serve the justice system's interest in deterring drug offenses such as Acker's to grant early termination of her supervised release. And as stated previously, supervised release, here, serves to deter the possibility of recidivism by Acker herself. And Acker has not alleged or provided any evidence that her supervised release has barred her from any needed training or health-related services. To the contrary, Acker's Motion [99] represents that she has

continued her education successfully while on supervised release. These factors all weigh against granting her Motion [99].

iii. Remaining Factors (§ 3553(a)(4), (a)(5), (a)(6), (a)(7))

Upon review of the remaining factors, the Court finds that all are neutral as to granting early termination of supervised release (§ 3553(a)(4)(A), (a)(6)), or otherwise inapplicable to this case (§ 3553(a)(4)(B), (a)(5), (a)(7)).

## III. CONCLUSION

In accordance with the foregoing analysis, Defendant Acker's Motion [99] fails to provide adequate justification for early termination of her supervised release, and the weight of the 18 U.S.C. § 3553 factors cut against granting early termination of supervised release. The Court is not satisfied, per 18 U.S.C. § 3583(e)(1), that early termination here is warranted by Defendant's conduct, nor that it would be in the interest of justice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Chiquita Acker's Motion [99] for Early Termination of Supervised Release is **DENIED**.

**SO ORDERED**, this the 1st day of September 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE